# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

ROGER ERVIN,

   Plaintiff,

v.

CORIZON HEALTH,
ASST. DIR. WILLIAM BEEMAN,
HOLLY PIERCE, CRNP,
MATTHEW CARPENTER, P.A.,
WARDEN FRANK B. BISHOP, JR.,
ASST. WARDEN JEFF NINES,

   Defendants.

Civil Action No.: ELH-19-1666

## MEMORANDUM

Roger Ervin, the self-represented plaintiff, is a State prisoner at the North Brach correctional Institution ("NBCI") and a frequent litigator in this Court. He filed suit on June 5, 2019 (ECF 1) pursuant to 42 U.S.C. § 1983 against Corizon Health Service; Assistant Director William Beeman; Holly Pierce, R.N.; Matthew Carpenter, P.A.; Warden Frank Bishop, Jr.; and Assistant Warden Jeff Nines. In general, he complains about his medical care with respect to his glaucoma and other health issues.

In response to the suit, I issued a show cause order to the State (ECF 8), requiring the State to address Mr. Ervin's allegations. The State responded on September 9, 2019 (ECF 10), with exhibits.

On September 23, 2019, I denied plaintiff's request for injunctive relief and directed plaintiff to show cause why his Complaint against defendants (collectively, "Medical Defendants") should not be dismissed. ECF 13 (Memorandum); ECF 14 (Order).

In response, Mr. Ervin filed a "Status Report And Declaration" (ECF 21); a motion for order to show cause (ECF 22); a Status Report (ECF 26); and a motion to appoint counsel, status report, Declaration, and for an injunction (ECF 27).[1] Mr. Ervin claims that his complaints of chronic pain are not being addressed; he has been denied medication in retaliation for filing administrative remedy procedure complaints; and the medical records filed in response to my order to show cause contain false information. In short, Mr. Ervin wants to pursue his claims against the Medical Defendants. Therefore, service of the Complaint is directed in the separate Order that follows.

In his motion to show cause (ECF 22), Mr. Ervin asserts that defendants did not comply with my Order to show cause why injunctive relief should not be granted because it included a Declaration under oath from Dr. Getachew, who "is not on Mr. Ervin's complaint," and Corizon did not defend the claims against it. *Id*. at 1. He asks this court to "make the Defendants comply to the Orders that include having the surgery done by an outside specialist so that I may not loss [sic] all of my sight." *Id.* at 5. He also seeks a transfer to another prison where his impaired eyesight can be accommodated, and removal from the Mental Health Tier where he states he is at risk of being harmed by another inmate with mental health issues. *Id*.

The court is satisfied that the response to the order to show cause complied with the requirements set forth in the Order. Mr. Ervin is reminded that the Order to show cause was issued prior to service of the suit on any of the named defendants; therefore, a response from each named defendant was not required at that time. Rather, the issue before the court was whether there was

---

[1] Mr. Ervin has also filed a Notice of Appeal (ECF 23) challenging this court's denial of his request for injunctive relief. His interlocutory appeal is now pending before the Fourth Circuit Court of Appeals.

a basis for ordering preliminary injunctive relief. The record before me supported the limited relief ordered; the motion to show cause shall be denied.

In his motion to appoint counsel (ECF 27) Mr. Ervin states that he is "functionally literate with only a[n] 8th grade education" and that he is no longer asking other inmates to assist him. *Id*. at 1. The remaining two pages of the motion reiterated his assertions that prison medical staff are not complying with medical orders issued by physicians at Johns Hopkins Wilmer Eye Institute, where he was seen on October 9, 2019 (*id.*); he is suffering with pain due to an infection in his eye but Pierce and Beeman refuse to provide him with pain medication (*id*. at 1-2); and medical staff will not provide him with a wheelchair (*id*. at 3). He asks this court to issue an order directing "NBCI's medical department to restore all nerve medication as it was before the surgery 2017;" Mr. Ervin's transfer to a facility closer to Johns Hopkins; providing Mr. Ervin with a wheelchair; requiring that all medical examinations take place behind a closed door without the presence of correctional officers; prohibiting Ms. Pierce and Mr. Beeman from treating Mr. Ervin; requiring reasonable accommodation for Mr. Ervin's disability; and "any other relief deemed just and equitable." *Id*. at 2-3.

A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). This court is obliged to construe liberally the pleadings of a self-represented litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); Fed. R. Civ. P. 8(f). Review of the record in this case reveals that Mr. Ervin clearly possesses the ability either to draft his own legal pleadings or secure assistance in doing so. Should he need additional time to file a responsive pleading, Mr. Ervin may file a motion

for extension of time. Having found no exceptional circumstances warranting appointment of counsel, the motion shall be denied, without prejudice.

With regard to Mr. Ervin's repeated requests for injunctive relief, the basis of which has already been addressed by this court, his requests are denied, without prejudice. Mr. Ervin is reminded that this court cannot intervene on his behalf each time a disagreement arises regarding his medical care or his housing assignments. To the extent ordered medications have not been delivered, he feels unsafe in his current housing assignment, or he is experiencing the same pain he has described as an ongoing issue, those allegations have been raised in the complaint and will be addressed by all defendants after service has been effectuated. At this time, and in light of the evidence before me, as stated in my Memorandum of September 23, 2019 (ECF 13), the request for injunctive relief is denied.

A separate Order follows.

October 25, 2019  /s/
Date  Ellen L. Hollander
  United States District Judge