**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

ROGER ERVIN,

   Plaintiff,

   v.

CORIZON HEALTH,
ASST. DIR. WILLIAM BEEMAN,
HOLLY PIERCE, RNP,
MATTHEW CARPENTER,
FRANK B. BISHOP, JR.,
JEFF NINES,

   Defendants.

Civil Action No.: ELH-19-1666

**MEMORANDUM**

The self-represented plaintiff, Roger Ervin, filed a motion to alter or amend in the above-entitled action. ECF 61 (the "Motion"). Because the Motion was filed within 28 days of the date this court issued its Memorandum Opinion and Order granting summary judgment in favor of defendants (ECF 59, ECF 60), the motion is governed by Fed. R. Civ. P. 59(e). Rule 59(e) states: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."

"Federal Rule of Civil Procedure 59(e) permits the district court to reconsider a decision in certain circumstances." *Ross v. Early*, 899 F. Supp. 2d 415, 420 (D. Md. 2012) (citing Fed. R. Civ. P. 56(e)), *aff'd*, 746 F.3d 546 (4th Cir. 2014). But, the plain language of Rule 59(e) does not provide a particular standard by which a district court should evaluate a motion to alter or amend judgment. However, the Fourth Circuit has said: "Our case law makes clear [] that Rule 59(e) motions can be successful in only three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error

of law or prevent manifest injustice." *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007) (internal quotations omitted); *see United States ex el Carter v. Halliburton Co.*, 866 F. 3d 199, 210-11 (4th Cir. 2017), *cert. denied*, 138 S. Ct. 2674 (2018); *Ingle ex rel. Estate of Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006); *U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002), *cert. denied*, 538 U.S. 1012 (2003); *E.E.O.C. v. Lockheed Martin Corp., Aero & Naval Sys.*, 116 F.3d 110, 112 (4th Cir. 1997).

As indicated, a district court may amend a judgment under Rule 59(e), *inter alia*, to "prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). Another purpose of Rule 59(e) is to "permit[] a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)), *cert. denied*, 525 U.S. 1104 (1999). But, the Fourth Circuit has cautioned that a party may not use a Rule 59(e) motion to "raise arguments which could have been raised prior to the issuance of the judgment," or to "argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.*; *see also Nat'l Ecol. Found. v. Alexander*, 496 F.3d 466, 477 (6th Cir. 2007) ("Rule 59(e) motions are 'aimed at reconsideration, not initial consideration.'") (citation omitted). In other words, "[a] motion under Rule 59(e) is not authorized 'to enable a party to complete presenting his case after the court has ruled against him.'" *Matter of Reese*, 91 F.3d 37, 39 (7th Cir. 1996) (quoting *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir.1995)); *see* 11 Wright et al, Fed. Prac. & Proc. Civ. § 2810.1 (3d ed.) ("In practice, because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied").

Notably, "[m]ere disagreement [with a court's ruling] does not support a Rule 59(e) motion." *Hutchinson*, 994 F.2d at1082; *see United States ex rel. Becker*, 305 F.3d at 290. Indeed, "'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted).

In granting defendants' motion for summary judgment, this court observed, in pertinent part, ECF 59 at 40-42:

> Mr. Ervin alleges that Beeman and Pierce "made it clear to the Governor['s] Office that he only has glaucoma in his left eye." ECF 1 at 3. In his opposition, Mr. Ervin claims that on March 19, 2018, the defendants falsely reported to the office of Maryland's Governor that he refused the surgery offered to him for his glaucoma. ECF 50 at 7.
>
> Even assuming the allegations are true, they fail to state a claim upon which relief may be granted. Falsely stating to the Governor of Maryland that Mr. Ervin's glaucoma is limited to one eye, or that he refused surgery, does not expose Mr. Ervin to an unreasonable risk of harm. The Governor is not involved in Mr. Ervin's medical care. Therefore, the alleged misinformation could not have had any impact on the care provided to plaintiff. Accordingly, this claim against Beeman and Pierce is not actionable.
>
> In addition, Mr. Ervin complains that Pierce improperly cancelled his prescriptions for pain medication to treat his chronic back pain and refused to permit him to have a wheelchair as an alternative. He states he was seen by a neurologist on June 15, 2016, "for a full body examination" and was diagnosed with migraine headaches, nerve damage, muscle spasms, and two herniated discs. ECF 50 at 7. Plaintiff contends that the prescribed treatment included medication. Id.
>
> According to Mr. Ervin, when he re-injured his back in a fall, Pierce had already discontinued medication prescribed to him by the neurologist he had seen years earlier. ECF 50 at 11. When Mr. Ervin told Ms. Pierce he had been prescribed medication to treat the pain in his back, he claims she told him it did not matter. *Id*. Mr. Ervin argues that the prescribed medication, which he claims he needs for the rest of his life, is a recognized medical need because a doctor ordered it. Id. He admits, however, that Ms. Pierce referred him to pain management, but claims the referral resulted in the termination of all pain medications, including those for his headaches and eye pain. *Id*. Mr. Ervin also admits that Ms. Pierce explained to him that he should not be on Tramadol for

3

long term use. *Id*. at 12. In his view, however, Ms. Pierce has no concern for his health because she did not "do the consultation to receive [his] second surgery by [an] outside glaucoma specialist." *Id*.

There is no objective evidence in the extensive record before me to support Mr. Ervin's claim that Pierce engaged in deliberate indifference to a serious medical need by declining to keep Mr. Ervin on specific medications for his medical ailments. Pierce is among many medical providers who attempted to explain to Mr. Ervin that long term use of the drugs he seeks he is not medically advisable. Further, Mr. Ervin has been prescribed multiple alternative medications for management of his pain, but he has either declined to take the medications or decided to discontinue taking the medications, for reasons unrelated to their efficacy. Under such circumstances, Ms. Pierce's treatment of Mr. Ervin is constitutionally sufficient, entitling her to summary judgment in her favor.

Plaintiff asserts in his Motion that judgment in favor of defendants Pierce and Beeman was improper, citing newly discovered evidence and arguing that he qualifies as a disabled person under the Americans with Disabilities Act.  ECF 61 at 1-4.  He takes issue with this court's failure to require defendants to produce all surveillance video so that this court could review the video to determine the veracity of defendants' assertions.  *Id*. at 5.  Plaintiff also claims that he never got a copy of Dr. Getachew's Declaration, submitted in support of defendants' motion for summary judgment, but also claims the print was so small on "their response for summary judgment" he could not see it.  *Id*.  Plaintiff references an information report dated February 12, 2020, indicating that legal mail addressed to him was mistakenly opened by Officer B. Clites.  ECF 61-2 at 33.  In addition, plaintiff argues that Pierce and Beeman never denied that they delayed his surgery, nor did they deny they provided false information to the Governor's office.  ECF 61 at 7.  Plaintiff continues to complain that he has not been provided with follow-up surgery and is not receiving pain medication.  *Id*.

Although the Motion is difficult to discern, it is clear that the Motion is simply a reiteration of plaintiff's earlier arguments regarding the merits of his claims.  His disagreement with this

4

court's exhaustive review of the record does not provide a cognizable basis for relief under Rule 59(e).

Therefore, I shall deny the Motion. An Order follows.

Date: October 21, 2020                             /s/
                                        Ellen L. Hollander
                                        United States District Judge